# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | Case No. 21-mj-689 |
| : | |
| **ISAIAH GIDDINGS,** : | |
| **BRIAN HEALION,** and : | |
| **FREEDOM VY,** : | |
| : | |
| Defendants. : | |

## UNOPPOSED MOTION TO CONTINUE JUNE 21, 2022 HEARING AND EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

The parties move the Court to continue the June 21, 2022 status hearing for approximately 69 days (until August 29, 2022) and to exclude the duration of the continuance from the time by which the information or indictment must be filed under the Speedy Trial Act, 18 U.S.C. § 3161(b). The continuance requested is slightly longer than 60 days because counsel for Mr. Vy is not available the week of August 22, 2022.

The defendants were arrested on December 10, 2021, after being charged by complaint with misdemeanor offenses relating to the January 6, 2021 breach of the United States Capitol. ECF Nos. 1, 5.  They first appeared in this district on December 16, 2021.  At their initial appearance, Judge Faruqui excluded time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7) with the consent of all parties, on the basis of findings that the ends of justice served by taking such action outweighed the best interest of the public and the defendants in a speedy trial.  The defendants waived a preliminary hearing.  On February 14, 2022, Magistrate Judge Robin Meriwether granted the parties' motion to exclude time and set a further hearing for April 25, 2022.  On April 22, 2022, Magistrate Judge G. Michael Harvey granted the parties motion to exclude time and continued the hearing to June 21, 2022.

As the Court is no doubt aware, the January 6 riot at the U.S. Capitol is likely the most complex investigation ever prosecuted by the Department of Justice. Over 800 individuals have been charged. The riot has generated a massive amount of potentially discoverable data, and the government has worked diligently to produce this data to defendants and continues to do so. Since the defendants' December 16 initial appearance, the government has produced materials obtained in its investigation of these three defendants and fifteen volumes of "global discovery," which are items being produced to all defendants with pending charges arising from their participation in the Capitol Breach. The discovery produced thus far is extremely voluminous, including thousands of hours of video footage from the U.S. Capitol Police and Metropolitan Police Department, and many more videos obtained from other defendants' cell phones and social media accounts, among other items. The government has also provided tools to assist with review of the discovery, such as a spreadsheet summarizing body-worn camera footage. The government continues to provide materials on a rolling basis.

The parties therefore request a 69-day continuance to allow defense counsel to continue their review of the discovery in this case. The requested continuance will also allow the government to continue to make progress providing additional discovery and continue discussions potential pre-charging resolution of this matter.

The parties also respectfully ask that the Court exclude the time between June 21, 2022 and the next hearing under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7) and find that the ends of justice outweigh the best interest of the public and the defendants in a speedy trial. 18 U.S.C. § 3161(h)(7)(B) sets forth a non-exhaustive list factors that the Court must consider in determining whether to grant an ends-of-justice continuance, including:

    (i)    Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result

in a miscarriage of justice.

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

. . .

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

An ends-of-justice continuance is warranted here under 18 U.S.C. § 3161(h)(7)(A) based on the factors described in 18 U.S.C. § 3161(h)(7)(B)(i), (ii), and (iv).  In sum, due to the number of individuals currently charged across the Capitol riot investigation and the nature of those charges, the volume and nature of potentially discoverable materials, and the reasonable time necessary for effective preparation by all parties (including the production and review of discovery and discussions concerning resolution), taking into account the exercise of due diligence, the failure to grant such a continuance in this proceeding would be likely to make a continuation of this proceeding impossible, or result in a miscarriage of justice.  Accordingly, the ends of justice served by granting a request for a continuance outweigh the best interest of the public and the defendants in a speedy trial.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By: /s/ Alexis J. Loeb
ALEXIS J. LOEB
CA Bar No. 269895
Assistant United States Attorney, Detailee

555 4th Street, N.W.
Washington, D.C. 20530
(415) 436-7200
Alexis.Loeb@usdoj.gov